UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
MARLON SMITH,

        Plaintiff,

  -against-

INDEPENDENT BANK,

        Defendant.
----------------------------------------------------x

MEMORANDUM & ORDER
05-CV-3420 (NGG)

**NOT FOR PUBLICATION**

GARAUFIS, United States District Judge:

    Plaintiff, Marlon Smith, brings this *pro se* action against defendant Independent Bank ("Independent"), alleging that the bank breached an unspecified fee agreement. Plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons set forth below, this action is hereby dismissed.

**I.    Background**

    Plaintiff has been banking at Independent for at least nine years. For most of that time, Independent waived unspecified fees relating to plaintiff's account. According to plaintiff, that waiver was attributable to the "size of [his] income" and was dictated by some sort of an "agreement" between plaintiff and defendant. Plaintiff does not specify the exact nature of this agreement or attach a copy of any such agreement to his complaint.

    At some unspecified point, defendant unilaterally rescinded the waiver and began to deduct fees from plaintiff's account. Upon noticing the deduction, plaintiff asked a bank teller why there was "three dollars missing from [his] bank account." (Complaint at 2.) The teller informed him that the fees were incurred "because of [his] bank balance." (Id.) Plaintiff then spoke to a supervisor, telling him or her that he had been receiving a waiver of the fees since he first opened his account. The supervisor replied that the bank only waived fees for senior

citizens, and refused to rescind the fees or to reinstate the waiver.

On July 12, 2005, plaintiff commenced this action, alleging that Independent breached its "agreement" with plaintiff by charging him fees. However, the complaint does not allege a basis for federal jurisdiction. The complaint alleges only that "[t]he jurisdiction of the Court is invoked pursuant to federal law(s) or states (sic)," (Complaint at 2); it does not list any Constitutional or federal legal provisions that were allegedly violated by Independent's actions. Moreover, the complaint does not allege diversity jurisdiction. To the contrary, the complaint not only alleges that plaintiff lives in Manhattan and that Independent has its main office in Brooklyn, but also requests only $3,000 in damages.

## II. Discussion

Although a *pro se* complaint is "held 'to less stringent standards than formal pleadings drafted by lawyers,'" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)), a *pro se* plaintiff is not "exempt ... from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). Thus, a plaintiff seeking to bring a lawsuit in federal court, even if proceeding *pro se*, must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp.2d 539 (E.D.N.Y. 1999) (dismissing a *pro se* plaintiff's complaint for lack of subject matter jurisdiction).

"Subject matter jurisdiction may be based on a federal question, see 28 U.S.C. § 1331, or diversity of citizenship. See 28 U.S.C. § 1332." Hom v. Brennan, 304 F.Supp.2d 374, 377 (E.D.N.Y. 2004). Unless the plaintiff states a claim which arises under diversity or federal question jurisdiction, a federal district court does not have jurisdiction over state common law claims. See Spencer v. Warden Sylvester, No. 97-CV-5491 (FB), 1999 WL 61644, at *1

(E.D.N.Y. Feb. 2, 1999). Whenever it appears that a court lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

In this case, the complaint does not suggest any basis for subject matter jurisdiction. Despite the complaint's allegation that "[t]he jurisdiction of this court is invoked pursuant to Federal Law(s) or states (sic)," (Complaint at 1), there is nothing to suggest that this is an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff is alleging a common law breach of contract claim which does not involve any federal question.

Moreover, this court does not have diversity jurisdiction under 28 U.S.C. § 1332. This statute provides, in pertinent part, that:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States ....

In this case, however, the amount in controversy is only $3,000, and the case involves only citizens of New York State. Accordingly, this court does not have either diversity or federal question jurisdiction over this matter.

## III.    Conclusion

Since this court lacks subject matter jurisdiction, this action must be dismissed. See Fed. R. Civ. P. 12(h)(3). This court expresses no opinion with respect to the merits of plaintiff's claim, which plaintiff is free to pursue in State court.[1] Pursuant to 28 U.S.C. § 1915(a)(3), the court certifies that any appeal from this Order would not be taken in good faith; therefore, *in*

---

[1] Plaintiff is advised that cases of this sort are typically brought in the Small Claims Part of Civil Court of the City of New York, not in the Supreme Court of the State of New York. See http://www.courts.state.ny.us/courts/nyc/smallclaims/index.shtml.

*forma pauperis* status is denied for purposes of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close this case.


SO ORDERED.

Dated: August 9, 2005   /s/ Nicholas Garaufis
      Brooklyn, N.Y.   NICHOLAS G. GARAUFIS
          United States District Judge